IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                              Plaintiff,                                        ORDER
              v.
                                                                          12-cv-502-bbc
DR. BURTON COX, JR., and
JOLINDA WATERMAN,

                              Defendants.

---

Plaintiff Glenn Turner is proceeding pro se and *in forma pauperis* on his claim that

defendants violated his Eighth Amendment rights by refusing to treat plaintiff's h. pylori

infection from 2005 to 2007.  Plaintiff has several motions pending before the court, including

motions for assistance in recruiting counsel and for appointment of an expert, motions to compel

discovery and motions to extend various deadlines.  I will deny each of plaintiff's motions, as

explained further below.

## I. Motions to Compel

Plaintiff's entire first motion to compel and part of his second concern requests for

defendants to admit to the genuineness of various medical records.  However, plaintiff did not

attach copies of those records.  Defendants responded by stating that although they have a

certified copy of plaintiff's medical record, they "do not know that the documents referenced in

[plaintiff's] request are genuine copies of that record.  It is possible that the records you are

referring to have been altered."  Plaintiff argues that because defendants are in possession of the

certified copy, they are in position of verify the authenticity of the copies that plaintiff possesses.

This is true only if plaintiff lets defendants see his copies so they can compare them with the

certified copy.  Fed. R. Civ. P. 36(a)(2) requires that "[a] request to admit the genuineness of a document  must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Because plaintiff did not attach those records or otherwise make them available, his motion to compel must be denied.  Ultimately, this may not matter because defendants' refusal to admit is not the same as defendants later challenging plaintiff's use of his records in motions practice or at trial.  If in some later submission in this lawsuit plaintiff refers to, quotes from or appends some of his medical records, then defendants are not going to challenge these records so long as they are unaltered. Defendants can compare the records that plaintiff actually uses to defendants' copy of plaintiff's medical file to verify this.  What defendants do not want to do, and are not required to do, is make a wholesale concession at the front end that whatever plaintiff is referring to in his request for admission is genuine.

In his second motion to compel, plaintiff seeks to compel admissions to statements that defendant Dr. Cox ordered h. pylori tests and treatment for other prisoners between January 2005 and January 2007.  Defendants point out that Dr. Cox cannot say with certainty what treatment he performed several years ago and cannot gain access to other prisoners' confidential medical records.  This is an acceptable response and thus plaintiff's motion will be denied on this issue.

Plaintiff also calls Dr. Cox's response to his request for admission that h. pylori is a serious medical condition "insufficient and uncooperative."  Dr. Cox objected to the request as vague but nonetheless went on to deny that an h. pylori is a serious medical need.  This is all that he is required to do under the rules of discovery.  Plaintiff takes exception to this answer

because Cox did in fact order treatment for plaintiff, but this is not a basis for the court to compel Dr. Cox to change his response. Plaintiff is free to argue at summary judgment or trial that h. pylori *is* a serious medical need, and perhaps plaintiff will be able to establish that Dr. Cox should have known this.

Similarly, plaintiff calls Dr. Cox's response to his request for admission that untreated h. pylori can cause various serious medical problems "disingenuous." Dr. Cox objected to the request but nonetheless denied that untreated h. pylori would cause these problems. This response is adequate, and plaintiff is free to attempt to show that Dr. Cox is incorrect.

## II. Motions for Assistance in Recruiting Counsel and Appointing Expert

Plaintiff has filed three motions for appointment of counsel. Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The federal *in forma pauperis* statute provides that "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Absent any mandatory language, this statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*[.]" *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. *See id*.

As a starting point, if this court had enough lawyers, then it would assign a pro bono attorney in almost every pro se case. But we don't have anywhere near enough attorneys to do this. This court handles over 200 new pro se lawsuits every year, but there are only about 10 to 15 lawyers who are willing and qualified to accept a pro bono assignment to a prisoner

lawsuit, and most of these lawyers will only take one new case a year.  As a result, this court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

The first step of the test requires the court to determine whether plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down.  Plaintiff has done this.

Next, plaintiff must also demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it.  *Pruitt*, 503 F.3d at 654-55.  Because I conclude that plaintiff has not made this showing, I will deny his motions.

Plaintiff argues that his incarceration at the Wisconsin Secure Program Facility, with limited law library access, limits his ability to litigate the case.  He also argues that he needs an expert, and has filed a companion motion for appointment of an expert.  At this point, plaintiff's submissions have been well-written and they demonstrate that he is able to understand and follow court instructions.  To the extent he needs more law library time, he is free to file a motion to that extent.

Although the court may have the power to appoint an expert at defendants' expense in a particular case, *Ledford v. Sullivan*, 105 F.3d 354, 361 (7th Cir. 1997), plaintiff has not persuaded me that it would be appropriate to do so in this case because he has not shown that

he has tried and failed to obtain an expert and it is not clear from the record that an expert would substantially aid the court in adjudicating this matter, not to mention the fact that plaintiff appears to want an expert for the purpose of supporting his case rather than weighing competing evidence.  Likewise, plaintiff has not shown that recruitment of counsel is necessary for the sole purpose of retaining an expert.  Accordingly, I will deny plaintiff's motions, although he is free to renew them at a later date.

### III. Motions for Extensions of Time

Plaintiff has filed a motion to extend scheduling deadlines pending a ruling on his motions for assistance in finding counsel.  Because plaintiff might have been treading water while waiting for the court's ruling (which would have been a risky strategy), I will give him a little more than two extra weeks to respond to defendants' July 15, 2013 motion for summary judgment (dkt. 52).  His response deadline is extended to August 30, 2013, and defendants' reply deadline is extended to September 16, 2013.

Finally, plaintiff has filed a motion for an extension of time to disclose an expert witness. The new deadline that he requested, June 30, has already passed, so I will deny the motion without prejudice as moot.  If plaintiff *does* locate an expert witness before he responds to defendants' now-pending motion for summary judgment, then he may file a motion for leave to make his expert disclosures at that time and it is likely the court will grant such a request.

ORDER

IT IS ORDERED that:

(1) Plaintiff Glenn Turner's motions to compel discovery, dkt. 26, 44, are DENIED.

(2) Plaintiff's motions for the court's assistance in recruiting counsel, dkt. 25, 29, 37, are DENIED without prejudice.

(3) Plaintiff's motion for appointment of an expert, dkt. 42, is DENIED without prejudice.

(4) Plaintiff's motion to extend scheduling deadlines, dkt. 30, is GRANT IN PART and DENIED IN PART: plaintiff's deadline to respond to defendant's summary judgment motion is extended to August 30, 2013, with the reply deadline extended to September 16, 2013.

(5) Plaintiff's motion for an extension of time to disclose an expert witness, dkt. 35, is DENIED without prejudice as moot; plaintiff may seek leave to disclose an expert by August 30, 2013.

Entered this 16th day of July, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge