IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,                        ORDER

v.

                                                          12-cv-502-bbc

DR. BURTON COX, JR., and
JOLINDA WATERMAN,

                Defendants.

---

        Plaintiff Glenn Turner is proceeding pro se and *in forma pauperis* on his claim that defendants Jolinda Waterman and Burton Cox violated his Eighth Amendment rights by refusing to treat plaintiff's H. pylori infection from 2005 to 2007. The parties have several motions pending before the court, which I will address in turn below.

**I. Motions to Strike Expert Witnesses**

        Plaintiff has filed motions to strike defendants Cox and Waterman as expert witnesses. Plaintiff states that neither Waterman (a nurse clinician) nor Cox (a physician) is a gastroenterologist or H. pylori specialist,[1] that Cox is not qualified to testify about these issues when he has already failed in diagnosing his H. pylori infection and peptic ulcer disease and that Cox had no first-hand knowledge of Waterman's failure to respond to an emergency call and thus should not be allowed to testify about it. Plaintiff also states that Waterman has provided false testimony.

---

[1] Plaintiff also states that Cox is not a "medical doctor," but rather only a "physician." Cox states that he is a doctor of osteopathic medicine (D.O.), which is an equivalent medical degree.

I will deny both of plaintiff's motions.  To start with, defendants are *required* by this court's preliminary pretrial conference order to name treating medical professionals as expert witnesses.  As for Cox's qualifications, his non-specialist status does not disqualify him from testifying about gastrointestinal issues.  *Gayton v. McCoy*, 593 F.3d 610, 617 (7th Cir. 2010) ("courts often find that a physician in general practice is competent to testify about problems that a medical specialist typically treats").  Cox states that he has been licenced to practice medicine for the last twenty years, so there seems to be no reason to disqualify him here.  To the extent that plaintiff states that Cox cannot be qualified because he failed to diagnose plaintiff's problems, those are factual issues at the heart of the case and must be litigated at the summary judgment or trial phases, not in a motion to strike an expert.  Finally, defendants state that Cox will be giving his opinion about the care defendant Waterman provided based on the medical records.  This is appropriate even though Cox did not witness Waterman's actions.

As for defendant Waterman, defendants state that she will be testifying about the care that she provided and nurses' standard of care.  She does not need to be a specialist in gastrointestinal issues to give this testimony.  As for the claim that she has given false testimony (an issue that will be discussed further below), plaintiff remains free to cross-examine Waterman about this issue.

**II. Motion to Strike Affidavits**

Along similar lines, plaintiff has filed a motion to strike Cox's and Waterman's affidavits on the grounds that they are "sham affidavits."  He argues that they are they "falsely alleged that Def. Burton Cox Jr. ordered and Def. Waterman collected a 'stool sample' to be taken from

2

plaintiff on March 13, 2007 when both defendants were fully aware of the fact that plaintiff never submitted any stool sample nor blood sample for an H. pylori test on March 13, 2007." He further alleges that defendants falsified page 116 from his medical records, which is a report showing that a March 13, 2007 "rapid strep" test of plaintiff tested positive for H. pylori. He asks the court to sanction the defendants $30,000 and grant him summary judgment. I understand plaintiff to be saying that defendants have previously testified that a test of his *stool* discovered the H. pylori, which is false—he says that he gave neither a stool nor blood sample for this test.

Defendants admit that they mistakenly provided testimony that they discovered H. pylori through a stool sample, but state that it is plaintiff who is bringing the frivolous motion by denying that the rapid strep test used a blood sample. Defendants state that the test indeed used plaintiff's blood and that plaintiff acknowledged that in previous inmate grievances. They make their own request for sanctions based on this alleged lie by plaintiff.

I will deny both parties' motions. The issue whether plaintiff ever took *any* test—blood or stool—is something that will be litigated at summary judgment or trial. The court will not sanction defendants for making a mistake in their previous testimony, nor will it sanction plaintiff seeing as any discrepancy in his own testimony could be a similar mistake.

### III. Motion for Appointment of Expert

Plaintiff has filed a renewed motion for the court to appoint an expert gastroenterologist, indicating that he has attempted to contact doctors who have turned him down. However, this does not change the main point of my previous ruling, which was that it is unclear from the

3

record whether an expert would substantially aid the court in adjudicating this matter. Plaintiff would not necessarily prevail by showing that a particular specialist would have treated him a certain way; "[m]ere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Instead, plaintiff must show that defendants' treatment decisions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Id.* at 261-62. His motion will be denied.

ORDER

It is ORDERED that

(1) Plaintiff Glenn Turner's motions to strike defendants Jolinda Waterman and Burton Cox as expert witnesses, dkt. 72, 73, are DENIED.

(2) Plaintiff's motion to strike defendants' affidavits, dkt. 84, is DENIED.

(3) Defendants' motion for discovery sanctions, dkt. 95, is DENIED.

(4) Plaintiff's motion for appointment of an expert, dkt. 86, is DENIED.

Entered this 7th day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge